IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN ARNOLD AND ROBERT ARNOLD, | : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 16-4382 |
| v. | : : | |
| IRISH BRED PUB CONCEPTS CO. d/b/a IRISH BRED PUB, | : : : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                                                            November 28, 2016

      The plaintiffs, Karen and Robert Arnold, commenced this action by filing a complaint against the defendant, Irish Bred Pub Concepts Co. d/b/a Irish Bred Pub, on August 10, 2016. Doc. No. 1. In the complaint, the plaintiffs contend that the court has jurisdiction over this action under 28 U.S.C. § 1332 because they are diverse in citizenship from the defendant, and the amount in controversy exceeds $75,000 exclusive of interest and costs. Compl. at 1. The plaintiffs contend that on August 11, 2014, they dined at the defendant's restaurant and that Karen Arnold suffered an injury to her person due to the defendant's negligence in operating its business. *Id.* at 3. Thus, based on the factual allegations in the complaint, the plaintiffs seek, *inter alia*, damages for Karen Arnold's injuries and damages for Robert Arnold's loss of consortium. *Id.* at 4-5.

      The docket entries in this case show that the clerk of court issued a summons for the defendant to the plaintiffs' counsel on August 10, 2016. *See* Second Unnumbered Docket Entry After Doc. No. 1. According to Rule 4(m) of the Federal Rules of Civil Procedure, the plaintiffs had 90 days, *i.e.* until November 8, 2016, to serve the summons and a copy of the complaint

upon the defendant. *See* Fed. R. Civ. P. 4(c)(1) (requiring plaintiff to serve summons with copy of complaint); Fed. R. Civ. P. 4(m) (requiring plaintiff to serve defendant with process "within 90 days after the complaint is filed"). The plaintiffs have not filed any proof of service indicating that they effected service of the summons and complaint in this matter. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court.").

Because it appeared that the plaintiffs failed to timely serve the summons and complaint, the court entered an order on November 9, 2016, requiring the plaintiffs to show cause as to why the court should not dismiss the action for lack of timely service of the summons and complaint. *See* Ord. to Show Cause, Doc. No. 3.[1] The court required the plaintiffs to file a written response by November 22, 2016, and stated that if they failed to respond, the court would interpret their failure as an indication that they are unopposed to the court dismissing this action. *Id.* at 2. To date, the plaintiffs have not responded to the order to show cause.

Rule 4(m) provides that if a plaintiff fails to serve a defendant within 90 days,

> the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Rule 4(m) "require[s] a court to extend time if good cause is shown and . . . allow[s] a court discretion to dismiss or extend time absent a showing of good cause." *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

Here, as the plaintiffs have failed to respond to either the 60-day notice from the undersigned's civil deputy or the order to show cause, the plaintiffs have not shown good cause

---

[1] On October 14, 2016, the undersigned's civil deputy docketed a notice indicating that the plaintiffs had until November 8, 2016, to properly serve the summons and complaint upon the defendant or risk possible dismissal of this action. *See* Notice, Doc. No. 2. Thus, the order to show cause was the second notice from this court informing the plaintiffs of the possibility that the failure to effect service or show good cause for the failure to serve could result in the dismissal of this action.

for the failure to effect service in this case. In addition, while the court is cognizant of the possibility that the court could relieve the plaintiffs of the consequences even if, as in this case, good cause did not exist, none of the situations discussed in the notes to Rule 4 are applicable here. *See* Fed. R. Civ. P. 4(m), advisory committee's note (1993) (discussing examples of situations that could justify, in the absence of good cause, a court extending the time for a plaintiff to effect service rather than dismissing the action for a failure to serve). Moreover, the court can conceive of no reason to excuse the plaintiffs from the dismissal of this action. Accordingly, as the plaintiffs have failed to submit proof that they timely served the summonses and complaint on the defendant, the court will dismiss this action without prejudice under Rule 4(m).

A separate order follows.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.